363 So.2d 1340 (1978)
Diane Childs McKENZIE et al., Plaintiffs-Appellees,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY et al., Defendants-Appellants.
No. 6664.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Brittain & Williams, Jack O. Brittain, Natchitoches, for defendants-appellants.
Hall, Lestage & Lestage, David R. Lestage, DeRidder, for plaintiff-appellant.
Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for plaintiffs-appellees.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
*1341 DOMENGEAUX, Judge.
Plaintiffs, Dianne Childs McKenzie and Shirley Childs Longlois, brought this action for the wrongful death of their parents, Melvie T. Childs and Mary Parker Childs. Named defendants are Larry C. Spears, Valley Electric Membership Corporation (VEMCO), and Nationwide Mutual Insurance Company. Defendant Spears, acting in the course and scope of his employment with the defendant, VEMCO, was driving a 1977 Chevrolet pickup truck belonging to his employer, in a southerly direction on Louisiana Highway 175 in Sabine Parish, Louisiana, when it encountered a 1972 Ford pickup truck, towing a loaded boat trailer in a northerly direction on the same highway. As the two vehicles approached each other, a collision ensued. Mr. Childs, the driver of the Ford pickup truck, was killed, as was his wife, a passenger therein.
Defendant, Nationwide Mutual Insurance Company, is the liability insurance carrier for the VEMCO vehicle which was being driven by defendant Spears.
The trial judge found Larry Spears negligent in crossing the center line and colliding headon with the oncoming vehicle occupied by Melvie and Mary Childs; the trial judge found Mr. and Mrs. Childs free of negligence.
Damages were awarded as follows: $75,000.00 each to Mrs. Longlois and Mrs. McKenzie for the wrongful death of their parents. This of course amounted to $37,500.00 per daughter per parent. There were additional awards for funeral bills totaling $3,705.00, and a doctor bill totaling $30.00.
The Court correctly concluded that Mrs. Childs died instantly upon impact and that Mr. Childs was rendered unconscious and died apparently within a few minutes, without regaining consciousness. The denial of damages for pain and suffering before Mr. Childs' death was therefore correct.
The following is a diagram of the accident, as determined by the trial court.

The appellants' objections are, first, that the trial court erred in not applying the sudden emergency doctrine; second, that neither plaintiffs nor defendants have proven by a preponderance of the evidence the exact point of impact; and third, that the trial court has abused its "much discretion" in awarding $37,500.00 per child per parent.
*1342 The first objection is without merit. It is well established that the sudden emergency doctrine is inapplicable to an emergency precipitated by one's own negligence. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972).
The second objection addresses the issue of whether the plaintiffs have proved by a preponderance of the evidence that the accident occurred in the Childs' lane of travel. In that regard the defendants produced the testimony of Dr. Will T. Tonn, Jr., who was accepted by the Court as a specialist in accident reconstruction. He was of the opinion that the point of impact occurred in the lane occupied by the VEMCO vehicle, the southbound lane. He based his conclusion on the assumption that the trailer hitch on the Childs' vehicle broke before impact, causing the Childs' vehicle to swerve across the line into the southbound lane. On the other hand, defendant Spears, the driver of the VEMCO vehicle, testified that he never saw the Childs' vehicle cross the center line. He stated that he thought he was in his own lane of traffic, although he could not be sure. Spears further testified that before the impact, the Childs' vehicle was in its proper lane and was not out of control. He stated further that before the impact, the trailer apparently hit a bump and "flounced" around, but at no time crossed the center line. Dr. Charles McKenzie, husband of one of the plaintiffs herein, was accepted by the Court as an expert in metallurgy, and it was his opinion that the trailer hitch was sheared upon impact, not before. O. B. Gregory, Jr., was the first motorist to arrive at the scene of the accident and, as to his observation of the VEMCO vehicle, stated:
"He had lost control of the vehicle coming from the North and the water marks were on the road as they crossed the center line up to the point that the vehicle had stopped."
Considering the referred to testimony and the record as a whole, we feel that the evidence before the District Judge furnishes a reasonable factual basis for his finding.
We find no manifest error in his conclusions. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Finally, appellants argue that the trial court abused its "much discretion" in its award of quantum.
In order to reduce an award for damages, we must find that the trier of fact abused its discretion. We cannot place too much emphasis on other reported decisions. Changes in our society, such as economic conditions and lifestyles, must be taken into consideration. Coco v. Winston Industries, 341 So.2d 332 (La.1977).
At the time of the accident, Shirley Childs Longlois was 34 years of age, and her sister, Dianne Childs McKenzie, was 36 years of age. Their father was 56 years of age, and their mother was 58. Both daughters had an extremely close relationship with their parents and visited them very frequently. There was testimony in connection with Dianne that, since the tragic death of her parents, she often goes into deep depressions, sometimes for as much as three days without an outward sign of relief, and that this condition affected the normal intimacies of her marriage.
The trial judge, in his written reasons, extensively covered the evidence and correctly concluded that there was the closest possible bond of love, affection, and association between the two plaintiff daughters and their deceased parents. Among other things, he stated:
"The daughters were grief-stricken over the tragic loss of both parents, and their deep grief was still very evident at the time of trial. The Court observed that they would not even testify in each other's presence. As each testified, in turn, the other left the courtroom for the duration of her sister's testimony."
We have reviewed some of the recent cases in the jurisprudence wherein awards were made to major children for the loss of a parent. This has been done only as an aid in determining whether there has been an abuse of discretion on the part of the trial court. We note the cases of Higgins v. *1343 Johnson, 349 So.2d 918 (La.App. 1st Cir. 1977), wherein $15,000.00 was awarded to a major daughter for the loss of her mother; Ardoin v. Hartford Accident & Indemnity Company, 350 So.2d 205 (La.App. 3rd Cir. 1977),[1] wherein $18,000.00 was awarded to each major child for the loss of a parent; and Fowler v. Western Union Telegraph Company, et al., 357 So.2d 1305 (La.App. 3rd Cir. 1978), writ denied, 359 So.2d 196 (La.1978), wherein $25,000.00 was awarded to each of two major children for the loss of their mother.
Considering all aspects of the quantum awarded, including the fact that both of the parents of the plaintiffs in the present case died as a result of this tragic and unfortunate accident, as well as the guidelines set forth in Coco v. Winston Industries, supra, we find no abuse of discretion by the District Court in making an award of $37,500.00 per child per parent.
Appellants find error also in a statement made by the trial judge in his reasons for judgment concerning certain jurisprudential tendencies in making distinctions in parent vis-a-vis child death awards. We find that the statement referred to is nothing more than an observation on the part of the trial judge, is obitur dictum, and is not determinative of the awards made in this case.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.
NOTES
[1] Writs refused in part and granted in part, 352 So.2d 706, 707 (La. 1977), partially reversed on grounds not related to quantum, 360 So.2d 1331 (La.1978).