373 So.2d 212 (1979)
Theotis Fontenot LeJEUNE et al., Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellees.
No. 7003.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
*213 Guillory, McGee & Mayeux by Robert K. Guillory, Eunice, for plaintiffs-appellants-appellees.
L. O. Fusilier, Ville Platte, John Larry Vidrine, Ville Platte, for defendant-appellant.
Davidson, Meaux, Sonnier & Roy, L. Lane Roy, Lafayette, Voorhies & Labbe, Marc Judice, Lafayette, for defendant-appellee-appellant.
Young & Burson, J. Nilas Young, and Joseph B. Ortego, Eunice, John W. Johnson, Eunice, Brame, Bergstedt & Brame, Joe Brame, Lake Charles, Durrett, Hardin, Hunter, Dameron & Fritchie, Calvin E. Hardin, Jr., Baton Rouge, C. Brent Coreil, Jack C. Fruge, Ville Platte, Fred L. Cappel, Lake Charles, Lewis & Lewis, James T. Guglielmo, Opelousas, Allen, Gooch & Bourgeois, Arthur I. Robison, Lafayette, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
DOMENGEAUX, Judge.
This case is before us on remand from the Louisiana Supreme Court.
A recitation of the factual and procedural complexities of this case can be found in our original opinion, 356 So.2d 537 (La.App. 3rd Cir. 1978), and in the opinion of the Supreme Court, 365 So.2d 471 (La.1978). The reader is specifically referred thereto for a complete explanation of the various parties to these matters and a complete narration of the facts involved. An abbreviated statement of the facts follows:
On November 13, 1974, Rolance LeJeune died instantly when a Mercury Marquis automobile driven by Randall Molitor struck a Cadillac hearse in which he was riding. The accident occurred at the intersection of Louisiana Highways 10 and 13 in the Parish of Evangeline, Louisiana. Mr. LeJeune was the funeral director for Ardoin's Funeral Home of Mamou, Inc., and he was overseeing a funeral procession. The funeral procession was escorted by a Deputy Sheriff of the Evangeline Parish Sheriff's Department, Willie Smith, who had failed to secure the intersection properly. The hearse was being driven by Danny LaFleur, a borrowed employee, borrowed by Ardoin's Funeral Home of Mamou, Inc., and lent by Ardoin's Funeral Home of Ville Platte, Inc.
The plaintiffs herein are the widow and children of the decedent, Rolance LeJeune, who sued for the wrongful death of their husband and father. Many parties were named defendants in the litigation, and some others were made third party defendants. The complexity and volume of the pleadings contained in this record, as well as the multitudinous and complex legal relationships of many of the parties with each other, make this case quite an exercise in legal gymnastics. Nevertheless, it appears *214 that this unusual case is finally nearing conclusion. All issues of liability and insurance coverage have been resolved by the various courts. For purposes of simplicity in this opinion, we will only discuss those parties who are still relevant to the proceedings.
The Supreme Court found there to be three tortfeasors involved in this accident: (1) the driver of the hearse, Danny LaFleur, who was a borrowed employeeborrowed by Ardoin's Funeral Home of Mamou, Inc. and lent by Ardoin's Funeral Home of Ville Platte, Inc.; (2) the driver of the Mercury Marquis which collided with the hearse, Randall Molitor; and (3) the Deputy Sheriff, Willie Smith, who was supposed to, but failed to, secure the intersection through which the funeral procession was passing at the time of the tragic accident. The only one of these three individuals sued directly by the plaintiffs was Randall Molitor; however, insurers for the other tortfeasors, as well as for Molitor were also sued directly by the plaintiffs.
Although many insurers were involved in this suit at various stages of the proceedings, the liability of them has also been fixed by the Supreme Court. In this appeal, we are only interested in those insurance companies found liable. These are: (1) Allstate Insurance Company (sometimes hereinafter referred to as Allstate), up to a policy limit of $5,000.00, as the automobile liability insurer of Randall Molitor, the driver of the Mercury Marquis; (2) the Insurance Company of North America (sometimes hereinafter referred to as INA) up to a policy limit of $100,000.00, as the automobile liability insurer of Ardoin's Funeral Home of Ville Platte, Inc., and, consequently, of its employee, Danny LaFleur, the driver of the hearse; (3) the Western World Insurance Company (sometimes hereinafter referred to as Western World), up to a policy limit of $1,000,000.00, as the comprehensive liability insurer of the Evangeline Parish Sheriff's Department, and, consequently, of the Deputy Sheriff, Willie Smith.
Although liability has been established, the Supreme Court remanded the case to us for a determination of additional issues, with the following language, by way of explanation:
"By the previous courts in this litigation, the plaintiffs widow and children are awarded a total of $156,400.86 against Molitor and his insurer (Allstate); also, the demands against other defendants were rejected, and certain third-party demands were granted or denied, some on the basis of coverage issues decided differently by this court.
In reviewing the quantum, the court of appeal did not consider the plaintiffs' request for an increase, feeling that Molitor's impecunious condition and the small policy limits ($5,000) of his policy could be taken into consideration in making an award; an impecunious condition which may also have affected the trial court's award.
However, we have determined that two insurer defendants also are solidarily liable, within their substantial policy limits, with Molitor and Allstate for the damages here sustained: Western World, as insurer of Deputy Smith; and INA, as insurer of Ardoin's of Ville Platte, Inc., and of its employee, Danny LaFleur. These holdings concerning coverage provided by these additional defendants may not only raise different issues of quantum than were previously considered by the court of appeal, but they may also raise new issues as to matters not decided in the third-party demands which were granted or rejected. We have not been furnished briefs or argument on these issues or on the issue of the apportionment between themselves of the liability of the three insurers cast solidarily, but not to exceed their policy limits, for the concurring negligence of the three tortfeasors, Molitor, Deputy Smith, and LaFleur.
In our ordinary practice, we usually do not attempt to determine issues of a complex nature that the appellate court has not passed upon, especially when they have not been fully briefed and argued in *215 this court. Instead, we remand the proceedings to the court of appeal for that purpose."
365 So.2d at 483-484.
Thus, the only issues left to be resolved by us at this time are those dealing with: (1) quantum; and (2) the third party demands.

I. QUANTUM
In the original judgment, the trial judge made the following awards:

THEOTIS LEJEUNE (Widow)
 Loss of love, affection and companionship
 ...................................... $ 25,000.00
 Loss of support ......................... $ 77,941.14
 ___________
 TOTAL .......................... $102,941.14
DAVID LEJEUNE (9-year old son)
 Loss of love, affection, and guidance .... $ 12,500.00
 Loss of support .......................... $ 18,459.72
 ___________
 TOTAL ........................... $ 30,959.72
JOSEPH LEJEUNE (Major son)
 Loss of love, affection, and guidance .... $ 7,500.00
JERRY LEJEUNE (Major son)
 Loss of love, affection, and guidance..... $ 7,500.00
TERRAL LEJEUNE (Major son)
 Loss of love, affection, and guidance .... $ 7,500.00

At the time this judgment was rendered, the only parties cast in judgment were the driver of the Mercury Marquis, Randall Molitor, his insurer, Allstate, up to a $5,000.00 policy limit, and the Zurich Insurance Company, up to a limit of $5,000.00, as the personal automobile liability insurer of Danny LaFleur, the driver of the hearse. On the first appeal, we modified that judgment, and absolved the Zurich Insurance Company from liability, leaving only Allstate and Molitor. The Supreme Court, however, found that two additional insurers, INA, and Western World, were liable also, in addition to Molitor and Allstate.
After looking at the gravity of the loss involved to the plaintiffs in this case, we conclude that the amounts awarded by the trial judge were much too low.
Presumably, the trial judge must have considered Molitor's impecunious condition and the low policy limits for Allstate and Zurich, when originally assessing quantum in this case. Obviously, he knew who he was going to cast in judgment before fixing quantum, and the ability to respond to judgment must have been considered. These factors also influenced us in the original appeal, when we declined to increase damages at that time as noted by the Supreme Court. Considering the fact that two additional defendants have been found liable by the Supreme Courtspecifically Western World Insurance Company, with a policy limit of $1,000,000.00; and the Insurance Company of North America, with a policy limit of $100,000.00the limited ability to pay element is no longer applicable.
We feel that the guidelines set forth by the Supreme Court in Coco v. Winston Industries, 341 So.2d 332 (La.1977), and Schexnayder v. Carpenter, 346 So.2d 196 (La.1977) do not apply, and, therefore, that we are justified in reconsidering the amounts awarded. Le Blanc v. American Employers Insurance Company, 364 So.2d 263 (La.App. 3rd Cir. 1978), writs denied 366 So.2d 916 (La.1979) and 366 So.2d 917 (La.1979).
Turning to the facts of the instant case, it is undisputed that this family was particularly close knit. Mr. LeJeune's life pivoted around his home and family. He frequently cooked meals for them, and went camping with them about every three weeks.
Mr. and Mrs. LeJeune were married when they were 18 and 16 years of age, respectively. There is nothing to indicate in the record that their relationship was nothing other than a pleasant, harmonious, and congenial one. At the time of Mr. LeJeune's unfortunate death, he was merely 48 years old, and she was 46. We are of the opinion that the award to the widow for the loss of the love, affection, and companionship of her husband should be increased from $25,000.00 to $50,000.00. Barr v. State, Through Louisiana Department of Highways, 355 So.2d 52 (La.App. 2nd Cir. 1978), writ denied 355 So.2d 1324 (La.1978).
David Troy LeJeune, the minor son, was only 9 years old at the time of the fatal occurrence. Troy was the last son, and there was 12 years difference between him and the next oldest son, Terral Keith LeJeune. *216 It appears that Troy and his father had an extremely close relationship. Troy and his father frequently attended athletic events together and apparently hunted together. It also seems that Mr. LeJeune frequently indulged Troy with gifts and presents. We are of the opinion that the award to David Troy LeJeune for the loss of the love, affection and guidance of his father should be increased from $12,500.00 to $30,000.00. Aymond v. State, Department of Highways, 333 So.2d 383 (La.App. 3rd Cir. 1976), writ denied 337 So.2d 875 (La.1976).
The three major sons, Joseph Randall, Jerry W., and Terral Keith, were ages 28, 25, and 21 years, respectively. Those who lived away from home frequently visited with their parents. It appears that these boys were very close to their father and that the loss suffered by them was great. We are of the opinion that the award to each of the major children should be increased from $7,500.00 to $20,000.00.[1]Fowler v. Western Union Telegraph Co., 357 So.2d 1305 (La.App. 3rd Cir. 1978), writ denied 359 So.2d 196 (La.1978).
The trial judge also awarded the widow $77,941.14 and, for the minor son, $18,459.72 for the loss of support of Mr. LeJeune. As mentioned before, Mr. LeJeune was 48 years old at the time of his death, with a work life expectancy of 17.0 years. His salary from the funeral home in 1974 would have been $6,876.00. The position also included the use of a home, which was figured to be worth $3,379.40 per year. Under these circumstances, we feel that the amounts awarded by the trial judge for loss of support are neither excessive nor inadequate.

II. THIRD PARTY DEMAND
Several parties to the litigation filed third party demands for indemnity or contribution. At this concluding stage of the proceedings, we need only discuss those demands made by those parties found liable.
Allstate and Randall Molitor made a third party demand against LaFleur, the driver of the hearse, INA, and Western World.[2] They are entitled to judgment on their demand for contribution against their solidary co-debtors in the judgment, under Article 2103 of the Civil Code. We note, however, that since Allstate's liability is limited to $5,000.00 by its policy, it, in effect, will receive no contribution because this amount is far below the virile portion of its share of the judgment.
Western World made a third party demand against Molitor, Allstate, LaFleur, and INA. It also is entitled to judgment on its demand for contribution as against its solidary co-debtors in the judgment, under Art. 2103 of the Civil Code.
INA filed no third party demands at this stage, although they are liable in solido on the principal judgment. It is understood, of course, that it will have the right to proceed for contribution against its co-debtors at a later time, if necessary.

DECREE
For the above reasons the judgment entered herein is amended in order to provide for judgment in favor of Theotis Fontenot LeJeune, and against the defendants, Randall Molitor and Allstate Insurance Company (up to its policy limit of $5,000.00); the Insurance Company of North America (subject to its policy limit of $100,000.00); and the Western World Insurance Company (subject to its policy limit of $1,000,000.00) in solido for the sum of $127,941.14.
*217 The judgment entered herein is further amended in order to provide for judgment in favor of Theotis Fontenot LeJeune, as the duly qualified natural tutrix and the administratrix of the estate of her minor child, David Troy LeJeune, and against Randall Molitor and Allstate Insurance Company (up to its policy limit of $5,000.00); the Insurance Company of North America (up to its policy limit of $100,000.00); and the Western World Insurance Company (up to its policy limit of $1,000,000.00) in solido for the sum of $48,459.72.
The judgment entered herein is further amended in order to provide for judgment in favor of Joseph Randall LeJeune, Jerry W. LeJeune, and Terral Keith LeJeune, and against Randall Molitor and Allstate Insurance Company (subject to its policy limit of $5,000.00); the Insurance Company of North America (subject to its policy limit of $100,000.00); and the Western World Insurance Company (subject to its policy limit of $1,000,000.00) in solido for the sum of $20,000.00 each.
It is further Ordered, Adjudged, and Decreed that Judgment be entered herein in favor of Randall Molitor and the Allstate Insurance Company (subject to its policy limit of $5,000.00) as third party plaintiffs, and against Danny LaFleur and the Insurance Company of North America (subject to its policy limit of $100,000.00); and the Western World Insurance Company (subject to its policy limit of $1,000,000.00), as third party defendants, in enforcement of the contribution contemplated by La.C.C. Article 2103.
It is further Ordered, Adjudged, and Decreed that judgment be entered herein in favor of the Western World Insurance Company (subject to its policy limit of $1,000,000.00), as third party plaintiff, and against Randall Molitor and the Allstate Insurance Company (subject to its policy limit of $5,000.00); and Danny LaFleur and the Insurance Company of North America (subject to its policy limit of $100,000.00), as third party defendants, in enforcement of the contribution contemplated by La.C.C. Article 2103.
All costs in this appeal are assessed one-third to Randall Molitor and the Allstate Insurance Company; one-third to the Insurance Company of North America; and one-third to the Western World Insurance Company.
AMENDED AND RENDERED.
NOTES
[1] Compare the case of McKenzie v. Nationwide Mutual Insurance Company, 363 So.2d 1340 (La.App. 3rd Cir. 1978), in which we affirmed an award of $37,500.00 per major child for the loss of each parent, when both parents were killed in one accident. A major consideration in making the award in that case was that both parents were lost at one time. In addition, that case was an affirmation in toto of the trial court's judgment.
[2] Other parties were also named as third party defendants by Randall Molitor and Allstate; however, inasmuch as these others are no longer involved in these proceedings, we will not mention them. The same is true for the third party demand made by Western World.