PONDER, Judge.
American Fidelity Fire Insurance Company, third party plaintiff, appealed from the dismissal by summary judgment of its petition against American Employers Insurance Company.
The issue is whether summary judgment was properly granted. We reverse and remand.
Third party defendant was liability insurer of an automobile owned by Mrs. Mary Frances Wheat. A vehicle owned by her husband, Gerald Roy Wheat, was involved in an accident within the policy period. Third party plaintiff contends that the third party defendant has coverage under the provision affording “automatic” coverage of:
“(c) a private passenger, farm or utility automobile ownership of which is acquired by the name insured during the policy period, provided .
“(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile. . ."
Third party defendant moved for summary judgment and filed a copy of the policy and affidavits of Mr. and Mrs. Wheat and of the agent who issued the policy.
Mrs. Wheat swore that the only vehicle insured under the policy was the one in her name and that she never requested the addition or substitution of any vehicle.
Mr. Wheat swore he was the owner of the vehicle involved in the accident and that he never requested the addition of the vehicle to the policy issued to his wife, with whom he is residing.
The agent swore that the only vehicle insured under the policy was that owned by Mrs. Wheat and that neither Mr. nor Mrs. Wheat asked him to add any vehicle to the policy.
We are not informed when the vehicle involved in the accident was acquired and whether the policy when issued covered all vehicles owned by the Wheats.
The absence of this information leaves open some material facts that preclude the granting of a summary judgment.[1]
Third party defendant argues that because Mary Wheat was the named insured and that Gerald Wheat was the owner of the truck the above provision cannot apply. However, the policy provides that the term named insured includes the spouse of the individual named in the policy if a resident of the same household.
Our decision obviates the necessity of discussing Knotts v. Hardware Mutual Casualty Company, 272 So.2d 788 (La.App.2d Cir. 1973).
For these reasons the judgment granting the summary judgment of dismissal is reversed and the case is remanded for further proceedings. The costs of this appeal are assessed against American Employers In *148 surance Company, the appellee. The assessment of all other costs is to await the outcome of the further proceedings.
REVERSED AND REMANDED.

. LSA-C.C.P. Art. 966.