DOMENGEAUX, Judge.
Plaintiff, Piggly-Wiggly Bunkie Company, Inc. (Piggly-Wiggly), claims it is entitled to a reimbursement of $5,000.00 from the community of acquets and gains which formerly existed between defendants. The District Court held otherwise, and plaintiff has appealed.[1]
This is the second time this Court has been called upon to determine the ownership of the $5,000.00 plaintiff insists it is due. In the first case, to which plaintiff was not a party, we held that the $5,000.00, which was used to purchase a certificate of deposit on August 17, 1971, belonged to the community formerly existing between James David Smith and Gayla Smith, who are now the defendants in this case. Smith v. Smith, 311 So,2d 514 (La.App. 3rd Cir. 1974), writ denied 313 So.2d 840 (La.1975).
While the first case was being litigated, Mr. Smith, on September 7, 1972, redeemed the certificate of deposit (which had matured on August 17, 1972) and had the $5,000.00 credited to the account of Piggly-Wiggly. After our decision in 1974 held that the $5,000.00 certificate of deposit was a community asset, and after the Supreme Court denied writs on June 20, 1975, Mr. Smith, as President of Piggly-Wiggly, purchased, with corporate funds, a new $5,000.00 certificate of deposit on August 12, 1975, in his own name. This certificate of deposit was paid by Piggly-Wiggly to the defendants’ marital community in the belief that the money was owed to the community pursuant to this Court’s decision. The new certificate of deposit was renewed on November 2,1975, and February 2,1976. This last renewed certificate of deposit was paid by Avoyelles Trust & Savings Bank on March 2, 1976, and these funds were deposited into the registry of the court with other funds belonging to the defendants’ former marital community.[2]
Now Piggly-Wiggly is seeking reimbursement from Mr. Smith and the former Mrs. Smith (who is now Gayla Smith Mize) contending that the $5,000.00 that was used to buy the original certificate of deposit on August 17, 1971, and the replacement certificate of deposit on August 12,1975, were funds which belonged to the corporation and not to the defendants’ marital community.
The trial court in this suit denied plaintiff’s claim for reimbursement of the $5,000.00 expended for purchase of the 1971 certificate of deposit because “plaintiff has failed to prove that James D. Smith ever received the proceeds from this certificate, and as a result, James D. Smith and Gayla S. Mize cannot be held accountable to plaintiff for this item.” We reverse.
*574 We are unable to ascertain the basis upon which the able trial court’s judgment is premised. The issue is not whether James D. Smith ever received the proceeds from the 1971 certificate. The only issue that really faced the trial court, and which now faces this Court, is whether Piggly-Wiggly is entitled to a reimbursement from the defendants’ community assets.
The evidence plainly shows that James D. Smith did not receive the proceeds from the 1971 certificate of deposit. Instead, Piggly-Wiggly received them when defendant Smith redeemed the certificate in 1972. The evidence further shows that Piggly-Wiggly purchased the 1975 certificate of deposit with corporate funds in the name of Mr. Smith to replace the one redeemed in favor of Piggly-Wiggly in 1972.
We first note that the judgment of the District Court in the first trial identified the certificate of deposit as a time certificate of deposit dated August 17, 1972, issued by Avoyelles Trust and Savings Bank in the name of the defendant, Mr. Smith. The judgment erred in describing the certificate of deposit. The real date of issuance was August 17, 1971; the maturity date indicated on the face of the certificate of deposit was August 17, 1972. Further, the certificate of deposit was issued in the name of Piggly-Wiggly, not in the name of Mr. Smith. This Court, on appeal, correctly described the date but also erred in saying the certificate of deposit was issued in the name of Mr. Smith. Plaintiff argues that the prior judgments adjudicated the ownership of a non-existent certificate of deposit because of the errors in identification. As a corollary, plaintiff argues that the judgment did not establish the ownership of the August 17, 1971, certificate of deposit. We find from our review of the evidence that the only certificate of deposit contemplated by either Court was not “illusory” or “phantom” but was the certificate of deposit purchased in the name of Piggly-Wiggly on August 17, 1971, by Mr. Smith with funds that had accumulated in his savings account during his marriage to Gayla Smith. •
In the Smith v. Smith case, the District Court found that the certificate of deposit was presumed to be community property because it was acquired during the marriage between James David Smith and Gay-la Smith. It is apparent from our reading of his reasons for judgment which comprise part of the record in this case, that he was simply determining whether the certificate of deposit was community property belonging to both spouses as opposed to separate property belonging to the husband, not whether the certificate of deposit may have belonged to some third person or entity not a party to the suit. After deciding that Mr. Smith failed to overcome the presumption of community, the District Court went on to say:
“In all probability the certificate of deposit in the name of Mr. Smith was purchased with corporation funds and it may be that the corporation has recourse against the community for a recovery of these funds, but the defendant has not rebutted the presumption of community status by clear and positive proof. The corporation would be relegated to a claim for reimbursement against the community at the time of its liquidation.”
This Court, on original hearing and on rehearing, agreed with the trial court that the presumption of community applied to the certificate of deposit:
“We find, as did the trial judge, that the evidence fails to offset the legal presumption that the funds which accumulated in defendant’s savings account during his marriage, and which were used to purchase the Certificate of Deposit, became assets of the community.

ON REHEARING

For the reasons previously assigned, we now re-affirm that part of our prior judgment which decrees that the following items constituted a part of the community which existed between the parties: (1) A $5,000.00 Certificate of Deposit, dated August 17, 1971, issued by Avoyelles *575 Trust and Savings Bank, in the name of J. D. Smith . .
311 So.2d at 521, 522.
This Court, too, noted the possibility of reimbursement claims by the Piggly-Wiggly Corporation, as follows:
“No question is raised here as to whether any of the Piggly-Wiggly corporations might have a claim against the community, and we express no opinion as to that issue.”
311 So.2d at 521.
Based on the evidence in the record before us which includes the record compiled in Smith v. Smith, we conclude that the plaintiff, Piggly-Wiggly, is entitled to a reimbursement of $5,000.00 from defendants. The same evidence considered by the District Court and the Court of Appeal in Smith v. Smñh, wherein the certificate of deposit was said to be community property, has been considered here. However, the presumption which applied in the earlier litigation between the spouses, that the certificate of deposit is community property, does not apply here to defeat a claim for reimbursement made by a third party. Therefore, plaintiff must demonstrate only by a preponderance of the evidence that it is entitled to relief.
Plaintiff has established that the $5,000.00 used to purchase the August 17, 1971, certificate of deposit in the name of Piggly-Wiggly were corporate funds. Although the funds were withdrawn from a savings account in Mr. Smith's name to purchase the certificate of deposit, there is sufficient evidence to show that the funds in the savings account had originated from a corporate account and were placed in the savings account for the convenience of the corporation. Mr. Smith, as President of Piggly-Wiggly, opened the account in his name after he was informed by a Vice-President of the Avoyelles Trust and Savings Bank that a savings account could not be carried in the name of the corporation. Mr. Smith and the bank Vice-President testified to this effect. Mr. Smith’s testimony at both trials, that the savings account existed as a building fund to be used by Piggly-Wiggly for capital expenditures, was unre-futed. In fact, Gayla Smith admitted that she was aware that a corporate building fund had been established in Mr. Smith’s name. Therefore, Piggly-Wiggly is entitled to a reimbursement of $5,000.00 expended in 1971, which is represented in the registry of the court by the funds received from the redemption of the February 2, 1976, certificate of deposit.
Counsel for defendant Gayla Smith has filed an exception of res judicata .in this Court contending that the ownership of the $5,000.00 has been decided in favor of the now dissolved marital community. For the reasons below we reject that argument and overrule the exception. Alternatively, counsel argues that the doctrine of judicial estoppel should operate to defeat Piggly-Wiggly’s claim if all the requirements of res judicata are not satisfied. We reject that argument also.
Louisiana Civil Code Article 2286, with respect to res judicata, provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” (Emphasis added).
The plea of res judicata is inapplicable in this instance because the parties are not the same. Mr. Smith’s interests are closely aligned with those of Piggly-Wiggly, but the trial court in the first case and the appellate court recognized that the two were not reflections of one another when they acknowledged that Piggly-Wiggly may have a claim against the community.
We find the doctrine of judicial es-toppel inapplicable also. As explained earlier, although basically the same evidence was presented at this trial as was presented at the Smith v. Smith trial the District Court and Court of Appeal in the earlier case held the evidence insufficient to overcome the presumption of community prop *576 erty, but intimated that the Piggly-Wiggly Corporation might be entitled to reimbursement if it was a party to the suit. To now hold that Piggly-Wiggly is barred from claiming reimbursement from the community simply because Mr. Smith happens to be the President of Piggly-Wiggly and exerts substantial control over the corporation would be inconsistent with this Court’s earlier opinion.
DECREE
For the above and foregoing reasons the judgment of the District Court is amended to increase the award to plaintiff from the sum of $800.00 to the sum of $5,800.00. In all other respects the judgment is affirmed. All costs are assessed against defendants.

AFFIRMED, AS AMENDED.

. We find from the record that plaintiff has suspensively appealed from the judgment of the District Court. Although the Judge rejected plaintiff’s claim of $5,000.00, he did award plaintiff $800.00 plus legal interest, as reimbursement from the defendants’ former community for the sale value of a 1971 pickup truck which this Court, in an earlier opinion, had determined to be a community asset purchased with corporate funds. Although the entire judgment has been appealed, plaintiff in brief acquiesced in that portion of the judgment granting it $800.00 on account of the truck. Defendants have neither appealed nor answered the appeal. Thus, that portion of the judgment which grants plaintiff $800.00 as reimbursement from the defendants will not be disturbed.

. The evidence shows that the Notary effecting the partition of community property deposited $9,249.12 into the registry of the court in connection with claims for reimbursement made by plaintiff in that amount. Of that amount $5,000.00 is claimed on account of the certificate of deposit. $4,249.12 was claimed on account of the 1971 pickup truck, but that claim has been abandoned (see footnote 1).