464 So.2d 891 (1985)
James RICKER
v.
Karen Marie WIELEMAN, Mid Century Insurance, and Allstate Insurance Company.
No. CA-2282.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*892 Allain F. Hardin, Wiedemann & Fransen, New Orleans, for plaintiff.
James M. Colomb, III, Murphy, Simon & Rees, New Orleans, for defendant Allstate Ins. Co.
James L. Selman, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant Mid Century Ins. Co.
Before REDMANN, C.J., and BARRY and KLEES, JJ.
BARRY, Judge.
James Ricker and Allstate Insurance Company appeal an adverse summary judgment claiming there are genuine issues of material fact as to the liability and coverage of Mid Century Insurance. We agree and remand.
Ricker was driving a motorcycle which was hit by a 1979 Ford driven by Karen Weileman. Ricker sued Weileman, her alleged liability insurer, Mid Century Insurance, and his uninsured carrier, Allstate Insurance Company. Mid Century submitted an affidavit (by its records custodian) that it had no policy with Karen Weileman, but acknowledged and filed a policy issued to a Marie Weileman which it alleges "did not include as an insured vehicle or extend coverage to the above referred to 1979 Ford automobile." Ricker contends Marie Weileman is the mother of Karen Weileman.
Mid Century argues the burden of proving coverage rests with plaintiff and *893 since he did not introduce counter affidavits or other evidence there is no genuine issue of material fact. That contention was answered in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980) which held that a mover for summary judgment is not entitled to judgment on the sole basis that the opposing party failed to respond to the motion by providing some evidence of the existence of a genuine issue of fact. Under La.C.C.P. Art. 967 the burden is on the mover to prove there are no genuine issues of material fact, and only if the mover's evidence is sufficient does the burden shift to the opposing party to present evidence showing that material facts are at issue.
The policy contains provisions which could clearly extend coverage to this accident. It provides that the insurer agrees "to pay for all damages the insured becomes legally obligated to pay because of: (A) bodily injury to any person, and/or (B) damage to property arising out of the ownership, maintenance or use ... of the described automobile or a non-owned automobile." The described automobile is defined as the automobile in the declarations (1979 Continental) and includes a newly acquired automobile and/or a substitute automobile. A non-owned automobile is defined as "an automobile not owned by or regularly or frequently used by the named insured or any resident of the same household, other than a substitute automobile."
The policy further provides that "The unqualified word `insured' includes (a) with respect to the described automobile, (1) the named insured, and (2) any other person while using such automobile ..., provided the actual use of such automobile is by the named insured or with his permission; and (b) with respect to a non-owned automobile, (1) the named insured or a relative ..." Under the policy "Relative means a relative of the named insured who is a resident of the same household, provided neither such relative nor his spouse owns an automobile."
Thus, the policy provides coverage not only for the declared 1979 Continental, but also for a newly acquired automobile and/or a substitute automobile operated by the named insured or any other person with his permission, and for a non-owned automobile operated by the named insured or a relative.
Mid Century's affidavit only states that it had no policy with Karen Weileman and that its policy to Marie Weileman did not extend coverage to the vehicle involved in the accident.
Summary judgment is available only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La. 1982). Only when reasonable minds must inevitably conclude that mover is entitled to summary judgment as a matter of law on the facts before the court is summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing there is no genuine issue of material fact is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, supra; Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
The record does not establish who owned the 1979 Ford involved in the accident. Neither does it establish the relationship between the insured, Marie Weileman, and the alleged tortfeasor, Karen Weileman. There is no information as to whether or not Karen Weileman was a resident of the household of Marie Weileman, and no information as to the connexity of Marie Weileman with respect to the 1979 Ford. If the 1979 Ford is owned by Marie Weileman as a newly acquired automobile or substitute automobile then coverage would apply. If the 1979 Ford is a non-owned automobile, then coverage would also apply if Karen Weileman is a relative of Marie and a resident of the same household. The absence of information *894 with respect to these issues leaves open material facts that preclude summary judgment. Malbrough v. American Fidelity Fire Insurance Company, 374 So.2d 146 (La.App. 1st Cir.1979).
The affidavit is conclusory as to fact and law. In Thompson v. South Central Bell Telephone Co., supra at 28, the Supreme Court said:
Since the burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of material fact, he must also show that the contents of his affidavit would be admissible at trial ... Ultimate or conclusory facts and conclusions of law cannot be utilized on a summary judgment motion. (Citations omitted).
The affidavit clearly fails to set forth facts sufficient to negate coverage under the policy issued to Marie Weileman. Plaintiff's bare-bones petition might be susceptible to an exception of vagueness, but not summary judgment.
The judgment is reversed and the case remanded for further proceedings.
REVERSED: REMANDED.