LOBRANO, Judge.
This is an appeal from the granting of a summary judgment. Plaintiff brought this suit claiming wrongful eviction and conversion of their movable property. Defendant sought indemnity from third party defendant under an indemnity and hold harmless agreement. Defendant moved for, and was granted a summary judgment on his third party demand upholding the validity of the agreement, but was denied immediate recovery of attorney’s fees and costs, the trial court deferring same until after trial of the matter. Third party defendant appealed the granting of the summary judgment. Defendant answered the appeal and requested the fees denied by the lower court.
FACTS:
Third party defendant-appellant, Mrs. Katie Twitty Pendergrass, was the owner of a building and property located at 418 Jackson Avenue, New Orleans. Sybil Cau-sey, wife of/and James L. Pendergrass,[1] plaintiffs, used the building as a warehouse to store various movable property with the understanding that they would keep the building in good repair. In September of 1983, the City of New Orleans commenced condemnation proceedings against the property due to its dangerous condition. On December 16, 1983, Mrs. Pendergrass executed a purchase and sale agreement with Roy F. Baas and his wife, defendants. As a condition of this agreement, Mrs. Pen-dergrass agreed to have all the movables owned by her son removed by the date of the sale. She notified him to remove his property from the premises before the date of sale.
On March 4, 1984, the sale was finalized. Simultaneous with the sale, Mrs. Pender-grass executed an indemnity and hold harmless agreement with the Baases. This contract recognized the potential for a suit over the property contained in the building and stated that the vendor, Mrs. Pender-grass, would indemnify and hold harmless the vendees, Mr. and Mrs. Baas, for all expenses incurred in removing the movable property located on the premises. The contract also indemnified and held harmless Mr. and Mrs. Baas for “any and all claims, actions, suits, proceedings, costs, expenses, damages and liabilities” which might result from the removal of the building’s contents.
Plaintiffs took no action to remove their property before the date of sale. Baas commenced removal operations to facilitate the repair and reconstruction of the building. On March 4, 1985 plaintiffs filed this suit against the Baases claiming damages for the wrongful eviction and conversion of their property. On March 29, 1985 Mrs. Pendergrass reimbursed the Baases $15,-591.59 for the costs of removing the contents of the building. On or about May 7, 1985 the Baases filed a third party demand against Mrs. Pendergrass seeking indemnity for the claims made by her son. This third party demand is based on the March, 1984 agreement.
The trial court granted summary judgment upholding the validity of the indemnity agreement, but refused to grant recovery for attorney fees and costs until after trial on the merits.
Mrs. Pendergrass seeks reversal of that summary judgment. She argues that the validity of the indemnity agreement is inherently dependent upon the Baases lawful compliance with the eviction procedures set out in the Code of Civil Procedure. She asserts that factual questions as to whether the Baases complied with those procedures should preclude summary judgment.
The Baases answered the appeal seeking an immediate award of attorney fees and costs rather than having to wait until the *610 trial’s conclusion. They also argue that summary judgment was proper.
The issue before us is whether the trial court was correct in upholding the validity of the indemnity agreement. Despite Mrs. Pendergrass’ argument to the contrary, the effect of Baas’ alleged failure to lawfully evict plaintiff’s property is not an issue in this appeal. In his reasons for judgment the trial court stated: “The Court grants a Summary Judgment validating the indemnity agreement ...” Mrs. Pendergrass’ attorney questioned the trial court:
Mr. Fox: Your honor, may I make this inquiry of the Court? Should it be determined on the main demand that the defendant was negligent in the removal and sale of the property, then of course—
The Court: Well, I’ve ruled on what’s before me. I don’t give advisory opinions.
We therefore address only the validity of the indemnity agreement.
SUMMARY JUDGMENT
The law on summary judgments is well established and has recently been stated by this court in Barham & Churchill v. Campbell & Associates, 503 So.2d 576, 578 (La.App. 4th Cir.1987), writ denied 503 So.2d 1018 (La.1987).
“Summary judgment is a drastic remedy and should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Klohn v. Louisiana Power & Light, 406 So.2d 577 (La.1981).
A mover for summary judgment must affirmatively and clearly prove the absence of any genuine issue of material fact. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve the disputed facts. Duvalle v. Lake Kenilworth, 396 So.2d 1268 (La.1981); Ricker v. Wieleman, 464 So.2d 891 (La. App. 4th Cir.1985).”
The evidence submitted in support of the motion for summary judgment clearly shows that the indemnity agreement given by Mrs. Pendergrass was additional consideration for the sale to the Baases. “Summary judgment is generally not appropriate to show the intent of the parties to a contract, except where the intent is clear from the contract itself.” Sellers v. Seligman, 463 So.2d 697, 702 (La.App. 4th Cir.1985), writ denied 464 So.2d 1379 (La.1985). The agreement in this case is unambigious and clear that it was the intent of Mrs. Pender-grass to indemnify the Baases.
We agree with the trial court that there is nothing in the four corners of the document, or in the consideration given which would render the indemnity invalid. Mrs. Pendergrass’ arguments address the issue of which losses or damages are indemnifia-ble under the terms of the agreement. As we stated previously, that issue is not before us. Like the trial court, we do not give advisory opinions on what might occur at trial.
The Baases argue that once the trial court upheld the validity of the indemnity agreement they should have been granted a judgment for attorney fees and costs incurred to date. In support of this argument, they cite Mrs. Pendergrass’ advanced age, and the agreement’s silence as to payment being contingent on the litigation’s outcome.
We dismiss the “advanced age” argument as unsupported in law. We also are not persuaded by the other argument. The Court did not make payment of attorney fees and costs “contingent” on the outcome of the litigation, the trial judge merely deferred the computation of same until the litigation terminated. In the absence of anything to the contrary in the agreement, we cannot say the trial judge was clearly wrong in this regard. His ruling is indicative of a desire for judicial economy, and to avoid protracted litigation.
*611 For the foregoing reasons the judgment is affirmed. Each party to pay his own costs of this appeal.
AFFIRMED.

. James L. Pendergrass is the son of Mrs. Katie Twitty Pendergrass.