583 So.2d 1146 (1991)
David W. McBRIDE
v.
R.F. KAZIMOUR TRANSPORTATION, INC.
No. 91-CA-0076.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
Rehearing Denied September 17, 1991.
Clayton A.L. Davis, Jerry A. Johnson, Lundy & Dwight, Lake Charles, for plaintiff/appellant.
James R. Nieset, Plauche, Smith & Nieset, Lake Charles, for defendant/appellee.
Before GARRISON, BARRY and PLOTKIN, JJ.
BARRY, Judge.
David W. McBride appeals a summary judgment dismissal of his lawsuit against his employer, R.F.K. Transportation, Inc., and its uninsured motorist carrier The Integral Insurance Company. Issues include the employer's tort liability and whether uninsured coverage applies to the "phantom" vehicle.

FACTS
McBride was injured in an automobile accident on Interstate Highway 10 in New Orleans while riding as a passenger in an 18-wheel truck owned by R.F.K. and driven by his co-employee, A. Steve Powell.
McBride and Powell were en route to R.F.K.'s home office in Iowa where McBride intended to pick up a tractor trailer rig. The rig that McBride regularly drove had been damaged the week before in Missouri. McBride returned from Missouri at his own expense to his home in West Monroe, Louisiana. R.F.K. routed Powell through West Monroe in order to pick up McBride. After Powell made a delivery in New Orleans he was scheduled to pick up a load which would be routed *1147 through Iowa so that McBride could pick up his rig.
The accident occurred during a heavy rain when an unidentified white Toyota Celica entered the highway immediately in front of the truck. Powell braked and swerved to avoid hitting the Toyota, but he lost control of the truck and hit the concrete median.
The Toyota did not stop and its identity is unknown. There was no physical contact between the truck and the Toyota.
McBride's pay from R.F.K. was based on the number of miles that he drove. He was not paid for the trip from West Monroe through New Orleans to Iowa. McBride received worker's compensation benefits because his injuries arose from his employment at R.F.K.
McBride alleges that his injuries resulted from the negligence of Powell or, in the alternative, the negligence of Powell and the driver of the phantom vehicle.
R.F.K. and Integral moved for summary judgment, arguing that R.F.K. was immune from tort liability because McBride was in the course and scope of his employment when the accident occurred. Integral also moved for summary judgment on the uninsured motorist claim because its policy did not apply when the vehicle in which the insured was riding did not make physical contact with the "phantom" vehicle.
The trial court granted both motions for summary judgment. The court held that McBride's exclusive remedy against R.F.K. was worker's compensation because he was injured in the course and scope of his employment. The court denied the uninsured motorist claim because there was no physical contact with the phantom vehicle.

COURSE AND SCOPE OF EMPLOYMENT
McBride argues that whether he was in the course and scope of employment is a fact question which can only be determined after a trial on the merits.
Summary judgment is appropriate only when reasonable minds must inevitably conclude that on the facts before the court the mover is entitled to summary judgment as a matter of law. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). If the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law, summary judgment should be granted. La.C.C.P. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Ricker v. Wielelman, 464 So.2d 891 (La.App. 4th Cir.1985).
The general rule is that employees are not covered by workman's compensation when traveling to and from work. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975); Seay v. Wilson, 569 So.2d 227 (La.App. 1st Cir.1990).
An exception to this rule is recognized when transportation is provided as an incident of employment, either through a vehicle, a conveyance and driver, or payment of expenses. Michaleski v. Western Preferred Cas. Co., 472 So.2d 18 (La.1985).
In Michaleski, oilfield employees worked seven days on and seven days off at an isolated site. The employees had meals away from the rig site and were paid a per diem for food and gasoline expenses. The plaintiff was injured while returning to the rig site after eating at a restaurant. The court found that worker's compensation was appropriate because the drive to have dinner was an activity arising out of the nature of the employment.
McBride argues that he had the option to travel to Iowa at his own expense. However, he elected to have R.F.K. route a truck through West Monroe to pick him up. McBride applied for and received compensation benefits. It is clear that McBride's trip to Iowa via New Orleans in R.F.K.'s rig arose because of his employment as a long-haul driver for R.F.K.
The trial court correctly granted summary judgment as to the tort claim.

*1148 UNINSURED MOTORIST COVERAGE
McBride submits that the trial court erred by finding there was no physical contact which would satisfy Integral's policy, and in any event, the "physical contact" policy requirement should not apply because there is no evidence of a potential fraud.
Integral's U/M policy provides:
`Uninsured motor vehicle' means a land motor vehicle or trailer ... [t]hat is a hit and run vehicle and neither the driver nor owner can be identified. The vehicle must hit an `insured', a covered `auto' or a vehicle an `insured' is `occupying'.
McBride contends that the requirement of "physical contact" is satisfied because the truck crashed into the concrete retaining wall. We disagree. This Court considered identical language in D'Angelo v. Doe, 535 So.2d 31 (La.App. 4th Cir.1988), writ denied 537 So.2d 1163 (La.1989). We found that, as a matter of law, the clear terms of the insurance policy precluded coverage when there was no physical contact between the insured vehicle and the "hit and run" vehicle.
McBride's suggestion that the physical contact requirement should not apply in the absence of any evidence of fraud or collusion is not supported by the explicit terms. See, D'Angelo, supra.
We note that uninsured motorist coverage is optional in Louisiana. La.R.S. 22:1406 D(1)(a). Therefore, a contractual limitation on uninsured motorist coverage does not violate public policy. D'Angelo, supra at 32. Carter v. Leonard, 413 So.2d 244 (La.App. 4th Cir.1982).
When a contract is clear, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046.
We pretermit consideration of whether R.S. 22:1406 D(1)(d)(i) (requiring actual physical contact between the covered vehicle and an uninsured vehicle) applies retroactively because coverage is barred by the policy.
The judgment is affirmed.
AFFIRMED