BARRY, Judge.
Ann Mexic, defendant-appellant, appeals a summary judgment in favor of the Succession of Rosina Mexic, plaintiff-appellee, which held Ann Mexic solidarily liable with co-defendant Simon Mexic for the balance of a promissory note which was prescribed on its face.
On December 28, 1972 Simon Mexic executed a bearer promissory note for $150,-000 plus 6% interest per annum payable on or before December 31, 1973. The holder of the note, Rosina Pulitzer Mexic, died on November 27, 1988 and she left her entire estate to her two children, Sarae Mexic Cohen and Simon Mexic. The promissory note was listed as an asset of Rosina Mexic’s estate. Simon Mexic subsequently “renounced” [1] his interest in the succession.
Simon Mexic executed the promissory note during his marriage to Ann Mexic. They divorced and their community of ac-quets and gains was terminated on April 30, 1984. The partition proceeding was initially tried before a commissioner. Despite exceptions filed by Simon Mexic and Ann Mexic, the trial court adopted the commissioner’s recommendations.
As a result of the partition, liability for the promissory note was allocated to Simon Mexic and the trial court found the principal amount due on the note to be $93,-378.34.[2] The trial court did not adopt or discuss the commissioner’s reasons for judgment, including the commissioner’s finding that the promissory note had not prescribed.
On March 1,1989 through the Succession of Rosina Mexic, Sarae Mexic Cohen, ad-ministratrix, filed the present suit to recover the balance on the promissory note. The Succession alleges that the last payment on the note was on December 28, 1974. Ann Mexic filed a peremptory exception contending that the action on the note had prescribed since suit was filed more than 14 years from the date of the last payment. La. C.C. art. 3498 (actions on promissory notes are subject to a 5 year *899 prescriptive period). The trial judge denied the exception based on res judicata, reasoning that he was bound by the judgment partitioning the Mexics’ community which he concluded had decided the issue of prescription.
Plaintiff filed a motion for summary judgment arguing that there was no genuine issue of material fact in dispute and that plaintiff was entitled to a judgment as a matter of law. The trial court granted a partial summary judgment against Simon Mexic, personally, and the community which formerly existed between Simon Mexic and Ann Mexic, for $93,378.34 plus 6% per annum interest from December 28, 1972 until paid.
Ann Mexic appeals and argues that the trial court erred by: (1) denying the exception of prescription, (2) granting plaintiff’s motion for summary judgment since genuine issues of material fact exist concerning the acknowledgment of the debt by Simon Mexic and the correct balance due on the promissory note, and (3) relying on the district court’s judgment in the Mexics’ partition proceeding to determine that the debt had been acknowledged and prescription was interrupted.
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to a judgment as a matter of law. La.C.C.P. art. 966; Ricker v. Weileman, 464 So.2d 891 (La.App. 4th Cir.1985). The moving party bears the burden of showing the absence of a genuine issue of material fact. Any doubt will be decided in favor of a trial on the merits. Id. Moreover, when a note has prescribed on its face, the party alleging an interruption of prescription bears the burden of proof. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981), writ denied 405 So.2d 533 (La.1981).
We initially find that the trial court erred by denying Ann Mexic’s exception of prescription solely on the basis of res judi-cata. The elements of res judicata are set forth in La. R.S. 13:4231[3]:
The authority of thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be found on the same cause of action; the demand must be between the same parties; and found by them against each other in the same quality.
There is a lack of identity between the payment of the promissory note demanded in the present suit and the allocation of the community of acquets and gains which was demanded in the partition proceeding. A suit on a promissory note and a partition proceeding are different causes of action. The parties in the present matter are not the same as the parties in the partition proceeding. The holder of the note, the Succession of Rosina Mexic, was not a party to the partition proceeding. The parties/spouses in the partition proceeding are defendant/debtors in the present action. See Piggly-Wiggly Bunkie Company v. Smith, 378 So.2d 572 (La.App. 3rd Cir. 1979). The doctrine of res judicata is inapplicable; therefore, the trial court incorrectly relied on the doctrine in denying Ann Mexic’s exception of prescription.
As a consequence, we must determine whether other documents filed by the Succession support the summary judgment. The Succession submitted affidavits by Simon Mexic and Jay Buckman, Rosina Mexic’s former accountant, which state that Simon Mexic “has acknowledged a balance due and owing on said note_” The Succession claims that those statements prove that Simon Mexic acknowledged the debt thereby interrupting prescription under La. C.C. art. 3664. We disagree. The affidavits merely establish a recognition of the debt but do not evidence a “clear declaration of intent to interrupt prescription”, a requisite for an acknowledgment to inter *900 rupt prescription. Emery v. Cabral, 400 So.2d at 342. Moreover, plaintiff failed to prove when the alleged acknowledgment took place. Accordingly, the evidence presented by plaintiffs motion is insufficient to resolve all genuine issues of material fact.
The judgment is reversed and the matter remanded for further proceedings. Costs of this appeal are assessed against plaintiff.
REVERSED AND REMANDED.

. According to appellant’s brief, Simon Mexic assigned his interest in the Succession of Rosina Mexic to the attorneys who represented him in his divorce proceeding. The attorneys accepted the succession on Simon Mexic’s behalf, with benefit of inventory, pursuant to the assignment. The issue whether the renunciation by Simon Mexic was proper does not have to be determined at this time.

. Simon Mexic suspensively appealed the trial court’s judgment partitioning the community of acquets and gains. Mexic v. Mexic, 577 So.2d 1046 (La.App. 4th Cir.1991). Simon Mexic’s appeal did not involve any of the issues in this matter.

. La.R.S. 13:4231 was revised in 1990. The amended statute applies to all civil actions filed on or after January 1, 1991. The amendment is inapplicable to the present case, since the petition was filed in March of 1989.