597 So.2d 87 (1992)
Tammy H. MILLS
v.
Elmer HUBBS et al.
No. 91-CA-0777.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1992.
Writ Denied July 1, 1992.
Glorioso & Welcker, Ronald A. Welcker, Joan M. LeBlanc, New Orleans, for plaintiff-appellant.
Michael H. Hogg, Perlis & Hogg, Metairie, for defendant-appellee.
Before KLEES, BYRNES and JONES, JJ.
BYRNES, Judge.
The issue on appeal is whether the trial court erred in granting summary judgment in favor of defendant Louisiana Insurance Guarantee Association (LIGA) as successor of Champion Insurance Company (Champion) and against plaintiff, dismissing her suit. We affirm.
On August 19, 1987, the plaintiff, Tammy Mills, was injured in an automobile accident at the intersection of Highway 61 and Ridgewood Drive. At the time of the accident she was a guest passenger in her own vehicle, a 1985 Chevrolet Cavalier, which was being driven by Sharon Brown. Elmer C. Hubbs was the owner and operator of the other vehicle. Plaintiff claims that both drivers, Elmer Hubbs and Sharon *88 Brown, were uninsured. Tammy Mills' vehicle, the Cavalier, was insured by the Automotive Casualty Company; however, Ms. Mills had rejected uninsured/underinsured motorist (UM) coverage under her policy.
On July 7, 1988, Tammy Mills filed suit against Elmer C. Hubbs and Champion as the insurer of her sister, Sandy Allen, alleging that plaintiff was residing with Ms. Allen at the time of the accident and plaintiff was covered by the UM portion of Ms. Allen's automobile liability policy. Subsequently, other parties were named, plaintiff substituted LIGA as Champion's successor, and LIGA filed a motion for summary judgment. After a hearing before the commissioner and judge ad hoc, the trial court granted summary judgment in favor of LIGA on January 8, 1991. Plaintiff's appeal followed.
In her appeal Tammy Mills contends that the Champion policy issued to her sister restricts UM coverage in contravention of the Louisiana UM statute, LSA-R.S. 22:1406 against public policy so that the restriction is invalid and plaintiff is covered by that policy for UM insurance.
The UM policy at issue defines the term "insured" as "(a) the named insured and any other relative." The term "relative" is defined as "a person related to the named insured by blood, marriage or adoption who is a permanent or temporary resident of the same household, provided neither such person or his spouse owns a private passenger automobile." Plaintiff argues that the restriction of the definition of "relative" to exclude a person who "owns a private passenger automobile" is invalid.
Louisiana courts have rejected exclusions of UM coverage in various cases. A policy provision which purported to exclude UM coverage where the automobile involved in the accident was not listed or described in the policy was unenforceable because it was in derogation of the statute requiring UM coverage where the person involved qualified as an "insured" under the policy. Hebert v. Breaux, 398 So.2d 1299 (La.App. 3d Cir.1981), writ denied 401 So.2d 986 (La. 1981); Bourgeois v. U.S. Fidelity & Guaranty Co., 385 So.2d 584 (La.App. 4th Cir. 1980), writ refused 393 So.2d 736 (La.1980). In Jones v. Henry, 542 So.2d 507 (La.1989), the Louisiana Supreme Court found that an automobile insurer's exclusion of vehicles owned by self-insurers from the policy definition of UM vehicles was invalid insofar as the exclusion provided less coverage than was contemplated by the state UM statute and violated public policy. In Akers v. Avis Rent-A-Car, 587 So.2d 831 (La.App. 4th Cir.1991), writ denied 592 So.2d 1299 (La.1992), this Court held that an exclusion of coverage to permissive users who were fellow employees of the insured was in violation of Louisiana's public policy expressed in its compulsory insurance law. The terminology of "fellow employee of the `insured'" was found to be ambiguous in that case involving the insurance policy on a rented vehicle.
In Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990), the Louisiana Supreme Court noted that the courts of this State have recognized that UM coverage cannot be qualified by a requirement of a relationship with an insured vehicle. In that case the policy definition of an insured automobile included a non-owned automobile, but only while being used by the insured as defined by the policy. The Supreme Court stated:
We expressly hold that UM coverage attaches to the person of the insured, not the vehicle, and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes LSA-R.S. 22:1406(D). In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist. Howell, supra, 564 So.2d at 301-302.
LIGA distinguishes these cases, pointing out that they involved restrictions relative to the "vehicle" rather than the "insured" or the terms were ambiguous. Plaintiff asserts that because the language restricting the term "relative" refers to ownership of another vehicle, the restriction involves *89 a relationship to a vehicle and therefore is invalid.
The Louisiana Uninsured Motorist Statute, LSA-R.S. 22:1406 requires that, unless it is waived, all policies issued in Louisiana shall provide UM coverage for persons who qualify as "insureds" under the policy. Zanca v. Breaux, 590 So.2d 821 (La.App. 4th Cir.1991). A person who does not qualify as an "insured" under a policy of insurance is not entitled to UM coverage. Seaton v. Kelly, 339 So.2d 731 (La.1976); Barnes v. Thames, 578 So.2d 1155 (La.App. 1st Cir.1991), writ denied 577 So.2d 1009 (La.1991). In Plaissance v. Fogg, 568 So.2d 1119 (La.App. 3d Cir.1990), writ denied 572 So.2d 63 (La.1991), the Court found that an employee did not qualify and was specifically excluded from the definition of "insured" under the liability provisions so that UM coverage was not mandated by statute. In Kerner v. Laballe, 560 So.2d 571 (La.App. 5th Cir.1990), the appellate court held that an exclusionary clause of UM coverage for injuries arising out of the insured's use of a non-owned automobile regularly used by the insured was valid and enforceable where the exclusionary provision was contained in both the liability portion and the UM portion of the policy. The Court reasoned:
... [W]here the insurer issues an automobile liability policy, the policy is considered as providing uninsured/underinsured coverage to the same limits of liability unless the insured waived the coverage or requested lower limits. We see nothing in the statute which prohibits the insurer from including an exclusionary clause ... in the uninsured/underinsured provisions of the policy, particularly where, ... the same exclusion is included in the liability provisions of the policy. Kerner, supra, 560 So.2d at 573.
The commissioner's report in the present case relied on Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir. 1983), in which the appellate court rejected UM coverage in a policy involving a definition of the term "relative" similar to that in the present case. Plaintiff argues that the Third Circuit Court of Appeal did not consider the argument that the definition is in contravention of the UM statute and against public policy. In Zanca, supra, this court reviewed the public policy argument and rejected UM coverage where the definitions of "relative" and "insured" are identical to those in the present policy. In Zanca, supra, and in the present case, the exclusionary provision for the term "relative" is contained in both the liability portion and the UM portion of the policies.
An insurance policy is a contract, and those rules established for the construction of written instruments consequently apply. Lindsey v. Poole, 579 So.2d 1145 (La.App. 2d Cir.1991), writ denied 588 So.2d 100 (La.1991). If the language of the insurance contract is clear and free from ambiguity, it constitutes the contract between the parties and must be enforced as written. Pridgen v. Jones, 556 So.2d 945 (La.App. 3d Cir.1990). Summary judgment is appropriate only when reasonable minds must inevitably conclude that on the facts before the court the mover is entitled to summary judgment as a matter of law. McBride v. R.F. Kazimour Transp., Inc., 583 So.2d 1146, 1147 (La.App. 4th Cir.1991). A dispute as to the issue of whether, as a matter of law, the language of an insurance policy provides coverage to a party, can be properly resolved within the framework of a motion for summary judgment. Pridgen, supra, 556 So.2d at 949. If the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law, summary judgment should be granted. LSA-C.C.P. art. 966; McBride, supra.
The language of Sandy Allen's policy is unambiguous and constitutes the contract between the parties. In view of Zanca, supra, under the policy's definitions Tammy Mills is not a "relative" and therefore does not qualify as an "insured". The clear terms of the insurance policy precludes UM coverage to Tammy Mills and LIGA is entitled to summary judgment as a matter of law.
*90 Accordingly, the decision of the trial court is affirmed.
AFFIRMED.