GOTHARD, Judge.
Plaintiff, Gulf Coast Marine, Incorporated (GCM) appeals a judgment of the trial court granting a motion for summary judgment filed by defendant Employers Reinsurance Corporation (ERC). We affirm.
GCM is an insurance broker who placed policies with London Underwriters. Defendant, James A. Young, is a principal in Muller-Young & Associates, Inc. (Muller-Young). Muller-Young is an insurance agency which accepted premiums from its clients and requested GCM to secure policies.
GCM filed this action asserting that Muller-Young through negligence and mismanagement did not pay the premiums collected on the policies to GCM. GCM sued Young, Muller-Young and, in an amended petition, ERC as the errors and omissions insurance carrier for Young and Muller-Young.
ERC filed a motion for summary judgment in which they argue that claims for the failure to pay commissions or premiums are specifically excluded under the policy. GCM countered with an argument that subsequent endorsements to the policy resulted in an ambiguity of coverage sufficient to constitute an unresolved issue of material fact which would preclude summary judgment. After hearing the arguments of both parties and considering the relevant policy provisions, the trial judge granted the motion and dismissed ERC from the suit. GCM appeals that judgment.
LSA-C.C.P. art. 966 provides that a motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Badalamenti v. Jefferson Guar. Bank, 589 So.2d 683 (La.App. 5 Cir.1991). Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Ledbetter v. Concord General Corporation, 564 So.2d 732 (La.App. 2 Cir. 1990). Summary judgment is appropriate only when reasonable minds must inevitably conclude that on the facts before the court the mover is entitled to summary judgment as a matter of law. Mills v. Hubbs, 597 So.2d 87 (La.App. 4 Cir.1992).
If the language of the insurance contract is clear and free from ambiguity, it constitutes the contract between the parties and must be enforced as written. Pridgen v. Jones, 556 So.2d 945 (La.App. 3 Cir.1990); Mills v. Hubbs, supra. An endorsement becomes part of the contract of insurance if attached to the insurance policy. An endorsement must be considered, along with the policy, as a part of the same contract and harmonized with the provisions of the original policy. Ledbetter v. Concord General Corporation, supra. However, when the provision of the insurance policy to be considered is an exclusionary clause, it must be strictly construed *253 against the insurer and in favor of coverage, if more than one interpretation is possible. LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978), on remand 373 So.2d 212 (La.App. 3 Cir.1979).
In the case before us the original errors and omissions policy contained the following pertinent provisions:
SECTION I
COVERAGE. The Corporation does hereby agree to pay on behalf of the Insured such loss in excess of the applicable deductible stated and within the limit of liability specified in the Declarations sustained by the Insured by reason of liability imposed by law for damages caused by any negligent act, error or omission of the Insured or any person for whose acts the Insured is legally liable, arising out of the conduct of the business of the Insured in rendering services for others as a general insurance agent, insurance agent or insurance broker, and including activities as an insurance consultant or notary public, as respects claims first made against the Insured during the policy period.
SECTION VI
EXCLUSIONS. This policy does not apply to:
(a) any dishonest, fraudulent, criminal or malicious act, or assault or battery;
(b) bodily injury to, or sickness, disease or death of any person;
(c) injury to or destruction of any property, including the loss of use thereof;
(d) any claim made against the Insured regarding the placement of insurance on any property in the care, custody or control of the Insured;
(e) any liability assumed by the Insured under contract, unless the Insured would have been legally liable in the absence of such contract;
(f) claims for commissions, taxes, or the failure to collect, pay or return premiums.
The policy was subsequently endorsed to read:
I. SECTION I. COVERAGE, is amended to read in its entirety as follows:
SECTION I
COVERAGE. The Corporation does hereby agree to pay on behalf of the Insured such loss in excess of the applicable deductible stated and within the limit of liability specified in the Declarations sustained by the Insured by reason of liability imposed by law for damages caused by:
(a) any negligent act, error or omission of the Insured or any person for whose acts the Insured is legally liable, or
(b) any claim for libel or slander or invasion of privacy against the Insured.
arising out of the conduct of the business of the Insured in rendering services for others as a general insurance agent, insurance agent or insurance broker, and including activities as an insurance consultant or notary public and any advertising activities, as respects claims first made against the Insured during the policy period.
IT IS AGREED that this policy is extended to cover dishonest, fraudulent, criminal or malicious acts committed by an employee of the Named Insured, and paragraph (a) of the section of this policy captioned “Exclusions”, is hereby amended accordingly. The coverage provided by this Endorsement shall extend to the Named Insured and any Insured, provided that such Insured did not personally participate in or ratify the dishonest, fraudulent or criminal act.
Plaintiff argues that these endorsements cause Section VI(f) which excludes claims for commissions, taxes, or the failure to collect, pay or return premiums to be ambiguous. We do not agree. The endorsements extend liability for covered claims to damages caused by dishonest, fraudulent, criminal or malicious acts; whereas previ *254 ously such claims were only covered for negligent acts. These endorsements in no way effect exclusion (f) in Section VI. That exclusion is explicit and unambiguous and must be enforced as written. Pareti v. Sentry Indem. Co., 536 So.2d 417 (La. 1988).
For these reasons the judgment of the trial court granting the motion for summary judgment and dismissing plaintiff's claim against ERC is affirmed.
AFFIRMED.