|2CANNELLA, Judge.
Third-party defendant, Vigilant Insurance Company (Vigilant), appeals from a summary judgment in a third party demand filed by State Farm Mutual Automobile Insurance Company (State Farm). We affirm.
On June 15, 1992, plaintiff, Rhett Mag-non, an employee of Phelps Dunbar, LLP (Phelps Dunbar), was rear-ended by a car driven by Gwendolyn Collins (Collins). Plaintiff sued his uninsured/underinsured (UM) motorist carrier, State Farm, and Collins. State Farm filed a third party action against Phelps Dunbar’s UM insurer, Vigilant, asserting that Vigilant’s UM coverage would be primary or co-primary with State Farm. Plaintiff also filed suit against the Louisiana Insurance Guarantee Association (LIGA).
State Farm, Vigilant and LIGA all filed Motions for Summary Judgment. The trial judge granted State Farm’s, holding that Vigilant’s UM coverage was | .available to plaintiff and should be applied on a co-primary basis with State Farm. The trial judge also granted summary judgment to LIGA, holding that there would be sufficient coverage afforded by State Farm and Vigilant.
On appeal, Vigilant asserts that the trial judge erred in granting the summary judgment.
Vigilant argues that the commercial policy issued to Phelps Dunbar does not provide UM coverage. However, to the extent that the law requires UM to be provided for persons who qualify as “insureds”, it contends that coverage is still *9 not available because plaintiff is • not an “insured” under the policy.
The policy provides as follows:
Each of the following is an insured under this insurance to the extent set forth below:
1. you for any covered auto.
2. anyone else while using, with your permission, a covered auto except:
a. the owner or anyone else from whom you hire or borrow a covered auto.
b. your employee if the covered auto is owned by that employee or a member of his or her household.
c. someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.
d. anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered auto.
e. a partner of yours for a covered auto owned by him or her or member of his or her household ...
Vigilant argues that, although the auto driven by plaintiff was a covered auto because it was not owned by Phelps Dunbar, plaintiff is not an “insured”. |4Vigilant contends that plaintiff is not an “insured” under the definition of “you”, which refers to Phelps Dunbar, and further that he is excluded from coverage in Section 2, Subsection 2(b). It asserts that plaintiff is excluded under Section 2(b) because he is an employee and the “covered” auto was owned by him.
The policy provides for two classes of people who may qualify as “insureds”, those under Section 1 and those under Section 2. Section 1 does not apply to plaintiff and Section 2 begins with the statement that “anyone else while using, with your permission, a covered auto [is an insured] except ...” This is followed by five classes of people (subsections a-e) who do not qualify and are not insureds.
State Farm contends that the law requires a liability policy to provide UM, unless it was rejected. It was not rejected here. Thus, if plaintiff is an “insured” under the policy, UM is mandated. However, plaintiff asserts that the policy is ambiguous because it contains conflicting definitions of who is an “insured”. Here, plaintiff qualifies under 2(d), but 2(d) uses a double negative making the provision difficult to understand: “anyone else ... except anyone other than ...” Plaintiff also argues that he is covered under Section 2(d) because, on the day of the accident, he loaded his car with his equipment on the way to meet an investigator at the Jefferson Parish Detective Bureau. Plaintiff is an investigator for Phelps Dunbar. Thus, the moment he moved the equipment, the policy attached to him and followed him wherever he went, citing Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990). Plaintiff also cites Hobbs v. Rhodes, 95-1937 (La.App. 4th Cir. 11/30/95), 667 So.2d 1112 in which the worker was walking across the grounds to the employee’s van to get a screwdriver, after he went to the restroom to wash his hands. Although he was not actually in the process of ^moving property to or from the covered auto, the Hobbs court stated that the liability provisions attached to Hobbs, not the vehicle and followed him at all times.
State Farm next asserts that 2(d) does not exclude plaintiff, but is only one of five provisions defining who may qualify as an “insured”, two of which conflict. Section 2(b) states that the employee while using an owned car is not an “insured”, but 2(d) says that an employee is an “insured” when he uses his own car to move property to and from his car. Thus, it is ambiguous.
Plaintiff also responds to Vigilant’s appeal. He reiterates State Farm’s arguments and contends that once he loaded work equipment in the car, he became “insured” under the 2(d) provision. Fur *10 thermore, plaintiff argues that the courts have held that the policy cannot limit “insured” status to instances involving an insured vehicle and that coverage under 2(d) is not destroyed because plaintiff used his own auto. The coverage attached when he began moving items into the “covered auto.” Plaintiff further argues that the policy is ambiguous and must be interpreted in his favor. He argues that the policy must be construed as a whole. To construe it Vigilant’s way would mean that the insurer would be permitted to provide a policy in which it forces the insured person to “walk in and out” of coverage. When read together, these two provisions conflict with the statutory mandate of La.R.S. 22:1406(d) and flies in the face of the jurisprudence. Furthermore, the policy is ambiguous because it is not clear if the five definitions are intended to be exclusions or simply define insured status alternatively. If Vigilant wanted to exclude from UM coverage those employees using their own cars, it could have defined a “Covered Auto” asj^an auto not owned by Phelps Dunbar or any of its employees. Here it defines “Covered Auto” only as one that Phelps Dunbar does not own.
In this respect, the policy provision at issue states that an employee is not covered while using his/her own automobile [2(b)], but is covered while moving property to or from the “covered auto”[2(d) ]. We find that 2(d) is an exception to the exclusion of the employee when the employee is driving his own auto. Because UM coverage attaches to the person, once plaintiff moved the property to or from his auto, the provision was triggered and he was covered by UM. Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990); Hobbs v. Rhodes, 95-1937 (La.App. 4th Cir. 11/30/95), 667 So.2d 1112. Although Vigilant attempts to distinguish Hobbs, we find Hobbs applicable. Thus, summary judgment in favor of State Farm was proper.
Accordingly, the summary judgment is hereby affirmed. Costs of appeal are assessed against Vigilant.

AFFIRMED.

GRISBAUM, J., dissents and assigns reasons.