NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-140

STATE OF LOUISIANA

VERSUS

JEFFERY LYNN COOLEY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2017-816
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Candyce G. Perret, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

S. Christie Smith, IV
SmithAdvocates, LLC
P.O. Box 1528
Leesville, LA 71496
(337) 239-2244
COUNSEL FOR DEFENDANT- APPELLANT:
    Jeffery Lynn Cooley

**James R. Lestage**
**District Attorney, Thirty-Sixth Judicial District**
**Richard A. Morton**
**Assistant District Attorney**
**124 South Stewart Street**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**PICKETT, Judge.**

## FACTS

As stated by this court in the defendant's prior appeal:

> The charges against the defendant, [Jeffery] Lynn Cooley, arise from two incidents. On August 6, 2017, the defendant and a few other individuals allegedly lured Preston Maddox to the defendant's home and held him there against his will while beating him and robbing him as retaliation for his believed involvement in Elizabeth Ann Frazier's prior arrest for selling drugs. When law enforcement executed a warrant at the defendant's home two days later, they found numerous drugs inside the home, leading to the five charges related to controlled dangerous substances (CDS).

*State v. Cooley*, 21-25, 21-26, p. 1 (La.App. 3 Cir. 10/6/21), 329 So.3d 870, 872.

On October 6, 2017, the defendant was charged by bill of information, alongside Elizabeth Ann Frazier, with armed robbery of Preston Maddox, in violation of La.R.S. 14:64; second degree kidnapping of Preston Maddox, in violation of La.R.S. 14:44.1; and aggravated battery of Preston Maddox, in violation of La.R.S. 14:34. The three offenses occurred on August 6, 2017. On January 17, 2019, an amended bill of information was filed, maintaining the original three charges and adding five additional drug charges against only the defendant: possession with the intent to distribute CDS II (methamphetamine), in violation of La.R.S. 40:967; possession of CDS IV (temazepam), in violation of La.R.S. 40:969; possession of CDS IV (zolpidem tartrate), in violation of La.R.S. 40:969; possession of CDS IV (tramadol), in violation of La.R.S. 40:969; and possession of CDS II (morphine sulphate), in violation of La.R.S. 40:967. The CDS charges all have an offense date of August 8, 2017. On August 30, 2019, a second amended bill of information was filed, removing Elizabeth Ann Frazier as a codefendant but maintaining the eight charges against the defendant listed in the first amended bill of information.

On September 30, 2019, a jury found the defendant guilty as charged of armed robbery, second degree kidnapping, aggravated battery, and possession with intent to distribute CDS II (methamphetamine), and possession of CDS II (morphine sulphate). Additionally, the jury found the defendant guilty of the responsive verdicts of attempted possession of CDS IV (temazepam), attempted possession of CDS IV (zolpidem tartrate), and attempted possession of CDS IV (tramadol).

On October 1, 2019, the State filed a "Habitual Offender Bill of Information," contending the defendant was a fourth felony offender, based on prior convictions on May 31, 1996; October 28, 2004; and February 3, 2012. On October 30, 2019, the defendant admitted to the accusations of the habitual offender bill. On November 19, 2019, the defendant was sentenced as a habitual offender to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence on all eight counts, with the life sentences to run concurrently to each other but consecutively to any other sentence the defendant might be serving.

Prior to the resentencing, the defendant filed a "Motion to Reconsider Sentence" on December 6, 2019, which argued the defendant's life sentences were constitutionally excessive. The motion was denied without a hearing on December 13, 2019.

On September 28, 2020, the trial court, on its own motion, held a hearing to declare mistrials on the defendant's non-unanimous convictions for armed robbery and second degree kidnapping and to resentence the defendant on the remaining six convictions. This hearing was held in response to the Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020), which held all criminal convictions must be the result of a unanimous jury. After declaring

mistrials on the armed robbery and second degree kidnapping convictions, the trial court stated that the "sentence technically remains unchanged. But for clarity of the record," restated that the defendant was sentenced to life imprisonment at hard labor without benefit for the six other convictions. At the resentencing, the trial court noted the defendant had filed a motion in July, titled as a motion for new trial, which sought a declaration of mistrial in all eight convictions. After confirming the defendant was seeking a mistrial on all charges, the trial court noted that it had denied that motion "by granting the mistrial on count[] one and count two."

On appeal, this court affirmed the defendant's convictions for aggravated battery, possession with intent to distribute CDS II (methamphetamine), possession of CDS II (morphine sulphate), attempted possession of CDS IV (temazepam), attempted possession of CDS IV (zolpidem tartrate), and attempted possession of CDS IV (tramadol). *State v. Cooley*, 21-25 (La.App. 3 Cir. 10/6/21), 329 So.3d 870; *State v. Cooley*, 21-26 (La.App. 3 Cir. 10/6/21), 329 So.3d 410. This court affirmed the defendant's mandatory life sentences for aggravated battery and possession with intent to distribute CDS II (methamphetamine). *Id.* However, this court vacated the mandatory life sentences imposed on counts five through eight (convictions for attempted possession of CDS IV (temazepam), attempted possession of CDS IV (zolpidem tartrate), attempted possession of CDS IV (tramadol), and possession of CDS II (morphine sulphate)), and this court remanded the case for resentencing on those counts under La.R.S. 15:529.1(A)(4)(a). *Id.*

On November 4, 2021, the trial court resentenced the defendant following this court's judgment. The trial court vacated the sentences on counts three through eight. The trial court reinstated the life sentences imposed on counts three

3

(aggravated battery) and four (possession with intent to distribute methamphetamine). The trial court then imposed twenty-five years at hard labor each for counts five (attempted possession of temazepam), six (attempted possession of zolpidem tartrate), and seven (attempted possession of tramadol). The court found that these charges comprised a fourth felony offense for purposes of the habitual offender law and ordered the sentences to run concurrently with one another as well as to the sentences on counts three and four, which had been affirmed by this court. The court ordered these sentences to run consecutively to any other sentence which remained unserved. As to count eight, possession of morphine sulphate, the court sentenced the defendant to life imprisonment at hard labor. The court found that this charge comprised a fourth felony offense under the habitual offender law and ordered this sentence to run concurrently with counts three, four, five, six, and seven but consecutively to any other unserved sentence.

The state filed a notice of dismissal and dismissed count one, armed robbery, and count two, second degree kidnapping. On December 2, 2021, the defendant filed a motion to reconsider sentence with the trial court and asserted his habitual offender sentences were excessive, especially his life sentence for a CDS violation. The trial court denied the motion on December 9, 2021. On January 13, 2022, the defendant filed a motion for appeal, which was granted.

## ASSIGNMENTS OF ERROR

1. The trial court erred by sentencing the defendant to the maximum sentence of life in prison for the offense of Possession of CDS II (Morphine Sulphate) because it is constitutionally excessive.

2. The trial court erred in sentencing the defendant to twenty-five years for attempted CDS charges because the sentences are constitutionally excessive.

3. The trial court erred in sentencing the defendant to life in prison for Aggravated Battery and Possession with Intent to Distribute CDS

4

II (methamphetamine) because the sentences are constitutionally excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find the court minutes of sentencing require correction.

Although the court minutes of sentencing reflect that the defendant's life sentence for count eight, possession of morphine sulfate, was imposed without the benefit of parole, the sentencing transcript does not show any parole restriction was imposed on this sentence. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, the trial court is ordered to correct the court minutes of sentencing to delete the denial of parole on the defendant's habitual offender sentence for possession of morphine sulfate.

## DISCUSSION

The defendant argues that his sentences are constitutionally excessive. As to his life sentence for possession of morphine sulfate, the defendant argues his sentence is excessive because it was a comparatively minor and non-violent crime, and the facts do not show that he is the worst kind of offender. "Second, the twenty-five years [sic] sentences for the remaining attempted possession of CDS charges are also excessive because those crime [sic] are among the smallest felonies conceptually possible, and a sentence even at the minimum of the habitual enhancement (twenty years) is excessive." Lastly, the defendant argues that his sentences for possession with intent to distribute methamphetamine and aggravated

battery are constitutionally excessive because "the circumstances do not suggest that the offender is the 'worst-of-the-worst' of offenders."

The defendant argues that the state's evidence at trial suggested he was a mid-level narcotics seller and user, and neither the instant case "nor the predicates are particularly remarkable in scope or egregiousness." The defendant notes that the aggregation of his prior convictions formed the basis for the habitual offender enhancement. The defendant further notes that his same argument applies to all three assignments of error, "that the severe sentences are constitutionally unwarranted." The defendant maintains that maximum sentences are reserved for cases involving the most serious violations and worst offenders, but he is not in that category. The defendant asserts that "these drug offenses are of the most minor type, and even the aggravated battery is not particularly egregious." As to the battery, "it was suggested that the defendant slapped the forehead of the complainant with the broad side of a knife. There was no cut or appreciable physical injury."

The defendant concludes by arguing that his convictions are for modest amounts of illegal substances, and the violent crime resulted in no particular injury. The defendant insists that the only true aggravating factor is his number of convictions. He argues that maximum life sentences for the drug and battery convictions shock the conscience, especially when considering the small quantity of drugs and how the victim was a voluntary participant in the drug culture who suffered minimal harm. For these reasons, the defendant asks this court to vacate his sentences and remand for resentencing.

In brief, the state asserts that the trial court did not abuse its discretion in resentencing the defendant because the sentences are not constitutionally excessive given the defendant's status as a fourth-felony habitual offender and past crimes of

6

violence and other serious felonies. The state notes that the defendant argues he is not the "worst-of-the-worst" and should not be subject to the sentences imposed; however, the state argues that these sentences must be considered based on the totality of the circumstances, which includes a lifetime of criminal behavior by the defendant. The state urges this court to affirm the defendant's sentences based on his repeated commission of felony offenses, including crimes of violence, his intended distribution of methamphetamine, the fact that the defendant has spent much of his adult life in custody or on probation, and the fact that he is exactly the type of criminal for which the habitual offender law was adopted. As to the defendant's argument regarding his convictions for aggravated battery and possession with intent to distribute methamphetamine, the state points out that these sentences were previously affirmed by this court and should not now be reconsidered.

Before addressing the defendant's resentencing claims on counts five through eight, we address his claim that his previously affirmed sentences of life imprisonment for aggravated battery and possession with intent to distribute methamphetamine are excessive. In *State v. Wise*, 14-378, pp. 14-15 (La.App. 5 Cir. 10/15/14), 182 So.3d 63, 73-74, *writ denied*, 14-2406 (La. 9/18/15), 178 So.3d 143, the fifth circuit held:

> Firstly, since this Court previously affirmed defendant's conviction, defendant may appeal only his resentencing. *See State v. Anderson*, 12-869 (La.App. 5 Cir. 6/27/13), 121 So.3d 119, 124, *writ denied*, 13-1861 (La.2/21/14), 133 So.3d 679 (finding the trial errors alleged by the defendant in his second appeal could have, and should have, been raised in the defendant's original appeal; thus, this Court found the issues waived and not within this Court's jurisdiction on appeal); *State v. Martinez*, 09-1057 (La.App. 5 Cir. 5/25/10), 40 So.3d 1113 (finding, issue regarding sufficiency of the evidence raised by the defendant in his second appeal would not be addressed by this Court on the defendant's second appeal which only involved multiple bill proceedings); *State v. Anderson*, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14 (where the Fourth Circuit affirmed the

defendant's convictions on original appeal, vacated the sentences and remanded the matter for resentencing because the defendant had been sentenced prior to the hearing on his post-trial motions. On his second appeal, the defendant raised several claims of trial error. The Fourth Circuit found that the defendant could appeal only his resentencing and that the alleged trial errors should have been raised in the first appeal and were thus considered waived). Accordingly, here, we find that defendant's conviction has already been affirmed and that the only issues before this Court on defendant's second appeal relate to his resentencing.

In the defendant's previous appeal, this court held that there was no merit to the defendant's contention that his life sentences for aggravated battery and possession with intent to distribute methamphetamine are constitutionally excessive. *Cooley*, 329 So.3d 870. This court affirmed the defendant's convictions and sentences for aggravated battery and possession with intent to distribute methamphetamine and remanded the matter for resentencing on the remaining convictions. Therefore, the defendant may appeal only his resentencing on counts five through eight.

We now consider the defendant's claims regarding the excessiveness of his resentencing. Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d

124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648, (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

Looking first to the nature of the crime, counts five through eight involve non-violent drug offenses, and on appeal, this court vacated the life sentences on

counts five through eight and remanded for resentencing under La.R.S. 15:529.1(A)(4)(a). *Cooley*, 329 So.3d 870. This article provides, "The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." Therefore, the sentencing ranges as a fourth habitual offender for possession of morphine sulphate, attempted possession of temazepam, attempted possession of zolpidem tartrate, and attempted possession of tramadol are not less than twenty years but not more than life imprisonment.

As to the nature and background of the offender, we will look to the remarks made during the resentencing hearing on remand. At the resentencing hearing held on November 4, 2021, the trial court indicated that it reviewed the factors previously stated during the prior habitual offender hearing and still found the defendant "to be a person who [for] most of his adult life used and/or sold illegal drugs." The trial court continued, "The testimony heard by this Court in the jury trial proved the use or the distribution of drugs contributed to all aspects of the crimes for which the defendant was convicted." The court stated that there were no mitigating factors or redeeming qualities that supported a downward departure or a deviation from the possible sentences. The trial court additionally stated that the defendant's sentences were not excessive because his ongoing lifestyle as a drug user or dealer was established from the evidence presented. As to the defendant's life sentence for possession of morphine sulphate, the trial court again stated this sentence was not excessive "because [t]he defendant's ongoing lifestyle as a drug dealer is evidence [sic] throughout all evidence presented [sic] is found to be main thing of Jeffery Lynn Cooley's life of crime."

10

Since the trial court directly referenced the prior habitual offender and sentencing hearings in imposing these new sentences, we will consider the information from those prior hearings. At the habitual offender hearing on October 30, 2019, the defendant testified that he was forty-six years old and had completed a twelfth-grade education. The defendant testified that he had worked in the past, and he openly admitted that he had been convicted of all the prior felonies contained in the habitual offender bill of information, which included: distribution of CDS I (lysergic acid diethylamide); possession of CDS I (marijuana) with intent to distribute; attempted possession of a firearm by a person convicted of a felony; possession of CDS II (methamphetamine) with intent to distribute; and felony domestic abuse battery by strangulation. At the resentencing hearing held on September 28, 2020, the court noted that the defendant "through [h]is adult life has used or sold illegal drugs for most of the time and the testimony presented in the jury trial painted a particular gruesome and cruel battery of the victim."

The final factor in the *Baker* analysis is a comparison of the sentences imposed for similar crimes. As stated above, the defendant was given a life sentence for possession of morphine sulphate as a fourth felony habitual offender. In *State v. Douglas*, 10-2039 (La.App. 1 Cir. 7/26/11), 72 So.3d 392, *writ denied*, 11-2307 (La. 5/25/12), 90 So.3d 406, *and writ denied*, 12-2508 (La. 5/3/13), 115 So.3d 474, the defendant was found guilty of attempted possession of cocaine, a violation of La.R.S. 40:967, and the state filed a habitual offender bill of information where defendant was adjudicated a fourth felony habitual offender. The defendant was sentenced to life imprisonment without benefits. In affirming the defendant's sentence, the first circuit held:

> In his sole counseled assignment of error, the defendant argues the trial court erred in imposing an unconstitutionally excessive sentence. Specifically, he argues that the maximum sentence of life

imprisonment was not warranted in this case because there was no showing that he is the worst type of offender or that he committed the most serious violation of the offense. The State asserts the sentence imposed is justified based upon the defendant's criminal history and his propensity to continue to break laws.

. . . .

Based on his prior convictions, as a fourth-felony habitual offender, the defendant was exposed to a penalty of imprisonment, with or without hard labor, for a minimum of twenty years to a maximum of life. *See* LSA-R.S. 40:967(C)(2); LSA-R.S. 14:27(D)(3) and LSA-R.S. 40:979(A). *See also* LSA-R.S. 15:529.1(A)(1)(c)(i) (prior to the 2010 amendments). As previously noted, the defendant received the maximum sentence. This court has stated that maximum sentences permitted under statute may be imposed only for the most serious offenses and the worst offenders, *State v. Easley,* 432 So.2d 910, 914 (La.App. 1st Cir.1983), or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. *See State v. Chaney*, 537 So.2d 313, 318 (La.App. 1st Cir.1988), *writ denied*, 541 So.2d 870 (La.1989).

Initially we point out that, in denying two separate motions for reconsideration of the sentence, the trial court specifically noted that all relevant aggravating and/or mitigating circumstances were taken into consideration. Further, the evidence introduced at the habitual offender hearing in this case established that the defendant has been committing felony drug offenses since 1990. Considering the defendant's extensive criminal record, we find that the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the statutory maximum sentence upon the defendant. Such a sentence is clearly supported by the record. The defendant, who has repeatedly committed felony drug offenses, poses an unusual risk to public safety and is exactly the type of recidivist that the Habitual Offender Law intends to punish severely. The maximum sentence imposed in this case is not unconstitutionally excessive.

*Id*. at 396-97.

We note that there are a limited number of cases involving possession of a Schedule II controlled dangerous substance where the defendant was adjudicated a fourth felony habitual offender and sentenced to life imprisonment. However, we find that the defendant's life sentence for possession of morphine sulphate was not excessive when considering his prior convictions. While the defendant points to the general principle that maximum sentences are reserved for the most

blameworthy of offenders, this court finds that the defendant fits within that category. At sentencing, the trial court noted the defendant had an ongoing lifestyle as a drug dealer and that drugs contributed to all aspects of the crimes for which the defendant was convicted. The defendant presents a very limited argument to bolster his excessive sentence claim, and counsel even acknowledges that the defendant's number of convictions constitutes an aggravating circumstance. In looking at the defendant's habitual offender bill of information and his six other convictions, the defendant is not only a repeat drug offender but has also committed crimes of violence. The trial court noted it considered the factors and found that there were no applicable mitigating factors in this circumstance, and because of the defendant's lifestyle, imposed the maximum life sentence. The defendant's life sentence is supported by the record because he has repeatedly committed felony drug offenses, which in turn pose a risk to public safety, and the defendant is exactly the type of recidivist that the habitual offender law intended to punish severely. Furthermore, the defendant is already serving mandatory life sentences for aggravated battery and possession with intent to distribute CDS II (methamphetamine) that were previously affirmed by this court. We affirm the defendant's life sentence for possession of CDS II (morphine sulfate).

In the defendant's remaining assignment of error, he argues the trial court imposed excessive sentences by sentencing him to twenty-five years each on counts five through seven, to run concurrently, for his attempted possession charges. As stated above, count five was attempted possession of CDS IV (temazepam); count six was attempted possession of CDS IV (zolpidem tartrate); and count seven was attempted possession of CDS IV (tramadol). In *State v. Murphy*, 09-805 (La.App. 5 Cir. 2/23/10), 34 So.3d 886, *writ denied*, 10-690 (La.

10/15/10), 45 So.3d 1110, the defendant was convicted of possession of clonazepam, in violation of La.R.S. 40:969(C). The state filed a habitual offender bill of information and alleged the defendant was a fourth felony habitual offender. The trial court found the defendant to be a fourth felony offender and sentenced him to thirty years at hard labor. In affirming the defendant's adjudication as a fourth felony offender and his thirty-year sentence, the fifth circuit held:

> In his second assignment of error, defendant complains that his 30–year habitual offender sentence is unconstitutionally excessive, considering that the underlying offense, possession of clonazepam, was relatively minor. In response, the State claims that the sentence is appropriate, considering that defendant had several prior convictions for narcotics distribution, which demonstrates he is a habitual drug dealer.

> . . . .

> At the time of the underlying offense in this case, the sentencing range for possession of clonazepam was not more than five years. LSA-R.S. 40:969 C(2). As a fourth felony offender whose underlying conviction was not for a crime of violence, defendant was subject to a sentencing range of 20 years to life in prison. LSA-R.S. 15:529.1 A(1)(c)(i).

> At the time of sentencing, the trial judge noted that LSA–R.S. 15:529.1 B was amended to provide that multiple convictions obtained on the same day prior to October 19, 2004 count as only one conviction for purposes of multiple offender proceedings. On December 4, 2002, defendant entered guilty pleas to drug distribution charges in three cases, but they counted as one conviction for multiple bill purposes. The trial judge also stated that he felt the 30–year sentence was appropriate based on defendant's criminal record, and that a lesser sentence would deprecate the seriousness of that record.

> Defendant's prior convictions show a continuing pattern of drug distribution that was not forestalled by previous convictions and terms of imprisonment. Based on the record before us, we find that the trial court did not abuse its broad discretion in imposing the 30–year sentence. Accordingly, this assignment of error is without merit.

*Id.* at 890-91.

In *State v. Henry*, 42,416 (La.App. 2 Cir. 9/19/07), 966 So.2d 692, *writ denied*, 07-2227 (La. 8/29/08), 989 So.2d 95, the defendant was convicted of

illegal possession of CDS IV, was found to be a fourth felony offender, and was sentenced to twenty-five years at hard labor. The second circuit affirmed the defendant's conviction and twenty-five-year sentence. The second circuit noted that:

> As previously stated, the trial court found Defendant to be a fourth-felony offender and sentenced him to 25 years without benefit of parole, probation or suspension of sentence. The sentencing range for fourth-felony offenders is "for a term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." La. R.S. 15:529.1(A)(1)(c)(i). Accordingly, the trial court imposed a sentence within the lower-range of the sentencing statute. Defendant was given the opportunity to avoid arrest by cooperating with law enforcement in other narcotics investigations and Defendant rejected the State's plea offer of five years. Defendant was also given the opportunity for a pre-sentence investigation, but turned it down because his counsel believed that a reporting of Defendant's past misdemeanor offenses could be harmful. The record indicates that the trial court heard the arguments of counsel and that Defendant personally addressed the trial court before sentencing. Prior to imposing sentence, the trial court inquired into Defendant's age, which was 49 years old. The trial court noted the following reasons for the sentence it imposed:
>
> > It's the sentence of the Court that you serve 25 years in prison [at] hard labor. This is actually your fifth felony offense. You're adjudicated as a fourth felony offender. The evidence of your guilt was beyond any reasonable doubt. It appears to the Court that you're incalcitrant about the offense. You're still arguing when the guilt was overwhelming, shows to me no remorse for what you've done and you're what in layman's terms would be considered a career criminal. I think any lesser sentence is inappropriate.
>
> Thus, a review of the record indicates that the trial court was cognizant of the sentencing considerations of La. C. Cr. P. art. 894.1.
>
> . . . .
>
> Applying the reasoning from *State v. Johnson,* [97-1906 (La. 3/4/98), 709 So.2d 672,] to the present case, we do not find that a sentence less than the mandatory minimum under the Habitual Offender Law is required. The trial court rejected that argument and imposed a sentence slightly higher than the mandatory minimum. Defendant did not present clear and convincing evidence that his circumstances were exceptional or that he was the victim of the legislature's failure to assign sentences meaningfully tailored to his

15

culpability, to the gravity of his offense or to the circumstances of his case.

> This assignment is, therefore, without merit.

*Id*. at 704-06.

In *State v. Corkern*, 18-1000 (La.App. 1 Cir. 12/21/18) (unpublished opinion), *writ denied*, 19-194 (La. 4/22/19), 268 So.3d 303,[1] the state charged the defendant with two counts of possession of alprazolam, in violation of La.R.S. 40:969(C), along with possession of hydrocodone and possession with intent to distribute amphetamine. The state filed a habitual offender bill of information, and the defendant was adjudicated a fourth felony offender. The trial court sentenced the defendant as a habitual offender to twenty years at hard labor on one count of possession of alprazolam. In affirming the defendant's habitual offender adjudication and sentence, the first circuit held:

> The defendant committed the instant offenses on February 1, 2016. Accordingly, the applicable provisions of the Habitual Offender Statute are those as they existed on the date the offenses were committed. *See State v. Parker*, 2003-0924 (La. 4/14/04), 871 So.2d 317, 327 ("the punishment to be imposed on defendant, a habitual offender, is that provided by La. R.S. 15:529.1 as it existed on the date he committed the underlying offense"). . . .

> The defendant stipulated to being a fourth-felony habitual offender. Accordingly, his sentencing range was twenty years to life imprisonment. The defendant argues in brief that his twenty-year sentence is excessive because of his age (thirty-four years old); the small amount of drugs he possessed; his criminal history does not consist of crimes of violence or sex crimes; and the drug crimes that he did commit were not punishable by ten years or more. The defendant notes that the maximum sentence allowable for each of the instant convictions was five years.

> The record reflects that the defendant was not sentenced to twenty years imprisonment for the instant offenses, all of which carried sentences for not more than five years imprisonment. *See* La. R.S. 40:967(C)(2) 40:969(C)(2). The defendant received the *enhanced* sentence because of his continued lawlessness. The major reasons the Legislature passed the Habitual Offender Law were to deter and

---

[1]The case citation is 2018 WL 6718603.

16

punish recidivism. Under this statute, a defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. [*State v.*] *Johnson*, [97-1906 (La. 3/4/98),] 709 So.2d [672,] 677. Moreover, it would seem that the defendant's age, the instant offenses, and his criminal history of non-violent offenses is precisely the reason he was sentenced to only the minimum of twenty years imprisonment under a sentencing range that included life imprisonment.

The defendant has not pointed to any instances of how his situation is unique. In any case, there is nothing particularly unusual about the defendant's circumstances that would justify a downward departure from the mandatory sentence under La.R.S. 15:529.1(A)(4)(a). The record before us established an adequate factual basis for the sentence imposed. The defendant has not shown by clear and convincing evidence that he is exceptional such that the sentence would not be meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. *See Johnson*, 709 So.2d at 676. Accordingly, no downward departure from the presumptively constitutional mandatory minimum sentence is warranted. The enhanced twenty-year sentence imposed is not grossly disproportionate to the severity of the offenses and, therefore, is not unconstitutionally excessive. This *pro se* assignment of error is without merit.

*Id*. at pp. 16-18 (footnotes omitted).

Based on these cases, we find the defendant's sentences on counts five, six, and seven are not constitutionally excessive. The defendant has not argued for a downward departure, nor has he shown how his situation is unique or that the sentences amounted to nothing more than the purposeful imposition of pain and suffering. Furthermore, as the trial court indicated, the defendant has repeatedly committed drug offenses along with the violent crimes documented on the habitual offender bill of information. The trial court indicated that it reviewed the mitigating facts but focused on the defendant's ongoing lifestyle as a drug offender and sentenced the defendant in compliance with the habitual offender law. We, therefore, affirm the defendant's sentences for counts five through seven.

## CONCLUSION

We affirm the defendant's habitual offender sentences. However, the trial court is ordered to correct the court minutes of sentencing to delete the denial of parole on the defendant's habitual offender sentence for count eight, possession of CDS IV (morphine sulfate).

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.